[Cite as *CME Fed. Credit Union v. Williams*, 2026-Ohio-3081.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CME Federal Credit Union, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 26AP-52 |
| v. | : | (C.P.C. No. 25CV-3706) |
| Talisa Williams, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 11, 2026

**On brief:** *Sander Law, LLC, Neil C. Sander*, and *Brian C. Menge*, for appellee. **Argued:** *Neil C. Sander*.

**On brief:** *Talisa Williams*, pro se. **Argued:** *Talisa Williams*.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Talisa Williams, appeals, pro se, from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, CME Federal Credit Union ("CME" or the "credit union"), on the credit union's breach of contract claims. Ms. Williams does not challenge the merits of the trial court's determination that she is in default of financial lending agreements she entered into with CME. Instead, she maintains CME's breach of contract claims were subject to arbitration and the trial court erred in failing to grant her motions to stay or dismiss the case and compel arbitration. For the following reasons, her appeal is untimely, and thus, it is dismissed, pursuant to App.R. 4(A)(1).

## I.   FACTS AND PROCEDURAL OVERVIEW

{¶ 2}   In October 2020, Ms. Williams applied and obtained a loan for the purchase of a vehicle and a credit card account from CME.  It is undisputed Ms. Williams failed to make payments in accordance with the terms of both the loan and credit card agreements.

{¶ 3}   On May 1, 2025, CME initiated a breach of contract action against Ms. Williams in the Franklin County Court of Common Pleas for her default on the vehicle loan and credit card agreements.  Ms. Williams did not file an answer to CME's complaint and has never disputed the propriety of the credit union's breach of contract claims.  Instead, Ms. Williams contended the civil action should be dismissed for lack of jurisdiction or stayed so the dispute could be heard by the American Arbitration Association.  Between August 18, 2025 and September 17, 2025, Ms. Williams filed multiple motions requesting the trial court dismiss or stay the pending civil case and compel arbitration.  In support, Ms. Williams cited to an arbitration clause contained in a document titled "Agreement to Provide Property Insurance," wherein Ms. Williams agreed to maintain property insurance in an amount necessary to protect CME's security interest in the purchased vehicle and in accordance with the terms of that agreement.  (*See* Aug. 18, 2025 Ex. C.)  Ms. Williams also cited to an arbitration clause included with the "Extended Warranty Service Agreement" for the vehicle.  (*See* Ex. C.)  Ultimately, on December 10, 2025, the trial court issued an entry denying Ms. Williams's motions seeking to dismiss or stay the civil case and compel arbitration.

{¶ 4}   On December 5, 2025, CME moved for summary judgment against Ms. Williams pursuant to Civ.R. 56.  The credit union supported its motion for summary judgment with the affidavit of Nicholas Allen, CME's Assistant Vice President of Member Payment Solutions, verifying the accuracy and authenticity of the attached business records supporting CME's breach of contract claims and the requested damages.  The trial court granted the motion on January 9, 2026, 35 days after CME filed the motion.  During those 35 days, Ms. Williams did not respond to CME's motion or otherwise ask for an extension of time to respond.

{¶ 5}   Ms. Williams now appeals and asserts the following three assignments of error for our review:

[I.] THE TRIAL COURT WAS REQUIRED TO ISSUE A MANDATORY STAY[.]

[II.] THE TRIAL COURT FAILED TO CONDUCT A REQUIRED SEVERABILITY ANALYSIS[.]

[III.] ENTRY OF JUDGMENT PRIOR TO RESOLVING ARBITRABILITY IS LEGAL ERROR[.]

## II.  ANALYSIS

{¶ 6}  At the outset, we note Ms. Williams does not challenge the trial court's January 9, 2026 determination that she defaulted on the vehicle loan and credit card agreements.  Instead, all three of her assignments of error concern the trial court's December 10, 2025 denial of her August and September motions seeking to dismiss or stay this case and compel arbitration.  Accordingly, we address the assignments of error together.

{¶ 7}  CME argues that because Ms. Williams's assignments of error concern the trial court's December 10, 2025 judgment denying her motions seeking arbitration—not the court's January 9, 2026 judgment granting summary judgment against her—Ms. Williams did not timely initiate her appeal.  For the reasons that follow, we agree.

{¶ 8}  Under App.R. 4(A)(1), subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days.  In this case, the trial court entered judgment denying Ms. Williams's motions to dismiss or stay the case and compel arbitration on December 10, 2025.  True, the trial court also entered a decision on January 9, 2026 denying Ms. Williams's December 23, 2025 request for reconsideration of its December 10, 2025 judgment denying her motions for arbitration.  However, this court has repeatedly recognized there is " ' "no rule that allows a party to move a trial court for reconsideration of a final judgment." ' " *State v. Fedor*, 2023-Ohio-1455, ¶ 9 (10th Dist.), quoting *State v. Ranson*, 2019-Ohio-2140, ¶ 12 (10th Dist.), quoting *State v. Harbert*, 2002-Ohio-6114, ¶ 24 (9th Dist.), citing *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 381 (1981).  As a result, any party's " ' "request for reconsideration of a final judgment at the trial court level is a nullity, as is any judgment or final order resulting from such a motion." ' " *Fedor* at ¶ 9, quoting *Ranson* at ¶ 12, quoting *State v. Ward*, 2007-Ohio-302, ¶ 19 (5th Dist.), citing *State v.*

*Beaudry*, 2001 Ohio App. LEXIS 4874 (6th Dist. Nov. 2, 2001), citing *Pitts* at 381. Accordingly, the January 9, 2026 entry denying Ms. Williams's motion for reconsideration is not a final order from which Ms. Williams could appeal.

{¶ 9} Ms. Williams filed her notice of appeal on January 21, 2026—42 days after the trial court entered its December 10, 2025 judgment denying her requests for arbitration. In that notice of appeal, Ms. Williams indicated she was appealing from the January 9, 2026 judgment granting CME's motion for summary judgment "together with all interlocutory orders merged therein." (Jan. 21, 2026 Notice of Appeal.) However, as mentioned above, Ms. Williams's assignments of error solely concern the propriety of the trial court's December 10, 2025 entry denying Ms. Williams's motions to dismiss or stay her case and compel arbitration. Thus, to determine whether she has timely commenced her appeal, we must determine whether the trial court's December 10, 2025 entry was a final, appealable order.

{¶ 10} "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 2002-Ohio-5315, ¶ 5, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus. *See also Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 15. Pursuant to R.C. 2505.02(B), a final appealable order is, in relevant part, an order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial. *See, e.g., Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 62 (1993). An order affecting a substantial right is one that would foreclose future relief if not immediately appealable. *Id.* at 63.

{¶ 11} Generally, denial of a motion to dismiss does not result in the foreclosure of future relief. *See, e.g., Stewart v. Solutions Community Counseling & Recovery Ctrs., Inc.*, 2022-Ohio-2522, ¶ 4, quoting *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 2006-Ohio-1713, ¶ 8, quoting *Polikoff v. Adam*, 67 Ohio St.3d 100, 103 (1993). Because such error can always be assigned on appeal at the end of trial, a denial of a motion to dismiss is not typically considered a final, appealable order. Thus, this court would not have jurisdiction to address it.

{¶ 12} However, the denial or grant of a stay pending arbitration is a final, appealable order under R.C. 2711.02. *See, e.g.*, *LeVeque 41, LLC v. LeVeque Tower Condominium Assn.*, 2025-Ohio-2055, ¶ 15 (10th Dist.). R.C. 2711.01 et seq. provides for either direct enforcement of arbitration agreements through an order to compel arbitration, pursuant to R.C. 2711.03, or indirect enforcement through an order staying proceedings under R.C. 2711.02. "Dismissal of a claim allegedly subject to arbitration is not a remedy authorized by R.C. 2711.01 et seq." *Davis v. Beggs*, 2008-Ohio-6311, ¶ 6 (10th Dist.). R.C. 2711.02(C) specifically provides that an order that grants or denies a stay of a trial of any action pending arbitration is a final order and may be reviewed, affirmed, modified, or reversed on appeal.

{¶ 13} In this case, Ms. Williams filed multiple pleadings requesting the trial court dismiss or stay the case and compel arbitration. On August 18, 2025, she filed a pleading captioned "Motion to Dismiss for Lack of Jurisdiction Based on Agreed Arbitration" asking the trial court to dismiss the complaint without prejudice "or alternatively, stay th[e] action pending arbitration." (Aug. 26, 2025 Mot. at 4.) On September 2, 2025, Ms. Williams filed a pleading captioned "Motion to Compel Arbitration and Stay Proceedings," wherein she explicitly requested the court "[s]tay all deadlines, hearings, discovery, pretrial, and trial settings in this matter pending arbitration." (Sept. 2, 2025 Mot. at 3.) And, on September 17, 2025, Ms. Williams filed another pleading captioned "Motion to Compel Arbitration and Stay Proceedings" with documentation showing she had submitted the matter to the American Arbitration Association.

{¶ 14} The trial court construed Ms. Williams's August and September 2025 motions as requesting a stay of proceedings pending arbitration pursuant to R.C. 2711.02. Neither party has argued on appeal that the trial court erred in construing her motions for arbitration as motions seeking to stay the case and compel arbitration (as opposed to a motion to dismiss under Civ.R. 12(B)).

{¶ 15} On review, we find Ms. Williams's three assignments of error each concern the trial court's denial of her request to ***stay*** the civil case and compel arbitration.[1]

---

[1] Ms. Williams does not attribute any error on appeal to the trial court's denial of a motion to ***dismiss*** based upon an arbitration provision. *See, e.g.*, *Davis*, 2008-Ohio-6311, at ¶ 6-7 (10th Dist.).

{¶ 16} In her first assignment of error, Ms. Williams generally contends the trial court erred in failing to issue a stay, as required by R.C. 2711.02. (Appellant's Brief at 8.) On this same basis, Ms. Williams argues in her third assignment of error that the trial court "lacked authority to enter summary judgment." (Appellant's Brief at 9.) And, in her second assignment of error, Ms. Williams takes issue with the trial court's failure to conduct a severability analysis, which is relevant when "a complaint contains both arbitrable and non-arbitrable claims." (Appellant's Brief at 8.) Here, CME alleged two breach of contract claims in its complaint. The first count stemmed from Ms. Williams's failure to make the required monthly payments in accordance with her vehicle loan agreement with CME. The second count alleged Ms. Williams had defaulted on her credit card agreement with CME. In her August and September 2025 motions seeking to compel arbitration, Ms. Williams contended both claims were subject to arbitration. R.C. 2711.02 provides that, when an action involves both arbitrable and non-arbitrable claims, the ***entire proceeding*** must be ***stayed*** until the issues subject to arbitration are resolved. As such, we conclude the second assignment of error likewise relates to the trial court's December 10, 2025 judgment denying her motion for a stay pending arbitration.

{¶ 17} Based on the foregoing, we conclude the trial court's December 10, 2025 denial of Ms. Williams's motions to stay proceedings and compel arbitration was a final, appealable order pursuant to R.C. 2711.02(C). We also find that all three of Ms. Williams's assignments of error pertain to the trial court's December 10, 2025 denial of her motions for a stay pending arbitration—not the January 9, 2026 judgment granting CME's motion for summary judgment. Pursuant to App.R. 4(A)(1), the deadline for Ms. Williams to file an appeal from the December 10, 2025 judgment was January 9, 2026. Thus, Ms. Williams's January 21, 2026 notice of appeal was untimely by 12 days.

## III. CONCLUSION

{¶ 18} For these reasons, we dismiss this appeal as untimely pursuant to App.R. 4(A)(1).

*Appeal dismissed.*

BOGGS, P.J. and MENTEL, J., concur.

————————